UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HILDA MENDOZA, et al, <br><br> Defendants. | CASE NO. 1:15-CV-660-GEB-SMS <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IN PART <br><br> Doc. 17 |

Plaintiff J & J Sports Productions, Inc. brings this suit against Defendants Hilda Mendoza, Jose A. Mendoza, Maria Socorro Prado, and Roberto Prado, each individually and doing business as El Agave Night Club, for exhibiting a sports and entertainment program through unlawful means and without paying the licensing fee. Having been duly served, none of the defendants have entered an appearance in this action. Plaintiff moves for default judgment. The Court recommends that Plaintiff's motion be granted in part and that damages awarded in the amount of $7,500.

I.     BACKGROUND

According to Plaintiff's motion and the accompanying affidavits, Plaintiff held the domestic commercial exhibition rights to broadcast "*The Moment: Floyd Mayweather vs. Marcos Maidana*" (the "Program") telecast nationwide on Saturday, May 3, 2014. Doc. 17, Exh. 4 at p. 2. Plaintiff entered into sublicensing agreements with commercial entities throughout the United States, wherein it granted limited public exhibition rights in exchange for a license fee of $3,000. Id. at p. 2-3. On May 3, 2014, around 7:02 pm an investigator observed the Program being exhibited at El Agave Night Club in Farmersville, California. Doc. 17, Exh. 3 at p. 1. The Program

was being displayed on two screens – on a flat screen television and on what seemed to be a projector. Id. The capacity of El Agave Night Club was 150, and there were approximately 12 patrons present. Id. at p. 2. El Agave Night Club did not require a cover charge for admission, but the investigator observed several "Mayweather vs Maidana" promotional posters prominently displayed outside near the door. Id. at p. 1. Photographs of the exterior of El Agave Nightclub were attached to the investigator's affidavit. See Id. The photographs include pictures of the promotional posters and of a satellite dish on the roof. See Id.

On April 29, 2015, Plaintiff filed a complaint in this court alleging violations of 47 U.S.C. § 605, *et seq*. ("section 605"), and 47 U.S.C. § 553, *et seq*. ("section 553"), as well as conversion under California state law. Doc. 1. Plaintiff alleges that Defendants unlawfully intercepted and intentionally exhibited the Program at El Agave Night Club for the purpose of commercial advantage. On August 7, 2015, summonses for each defendant returned executed. Docs. 8-11. The returned summonses indicated that answers were due on August 14, 2015. No defendant filed an answer or has appeared in the action to date. On September 11, 2015, Plaintiff requested entry of default, which was entered by the clerk. Docs. 15-16.

II.     DEFAULT JUDGMENT

Entry of default judgment is governed by Federal Rule of Civil Procedure 55, which allows the court to enter default judgment against a defendant who has failed to plead in an action. Fed. R. Civ. P. 55(a)-(b). The Ninth Circuit has provided seven factors for consideration by the district court to determine whether to enter a default judgment, known as the *Eitel* factors. They are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (*quoting Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

Here, summonses were issued, served, and returned executed. Defendants did not file an answer within the required time, and they have not made any appearances to date. The clerk duly entered default upon Plaintiff's request. Plaintiff requests default judgment under both Section 552, which prohibits the unauthorized interception of any communications service offered over a cable system (47 U.S.C. § 553(a)(1)), and section 605, which prohibits the unauthorized receipt and use of radio communications, including satellite television signals, for one's own benefit or for the benefit of another not entitled thereto. (47 U.S.C. § 605(a)). Both sections are provisions of the Communications Act of 1934, as amended, 47 U.S.C. §§ 151-622. However, it is highly unlikely that Defendants intercepted the Program by both cable *and* satellite. Taking the allegations as true, the Court could find a violation of one or the other. In this case, the Court should find a violation of section 605 rather than section 553 because a satellite dish was photographed atop the establishment, and because Plaintiff indicates a preference for section 605 by discussing damages solely under section 605. Consequently, Plaintiff's section 553 claim would be unsustainable.

According to the *Eitel* factors, default judgment on the section 605 and conversion claims is appropriate. Defendants have not appeared in this action making it impossible for Plaintiff to litigate its claims, Plaintiff's substantive claims appear meritorious, the complaint is sufficiently pled, the amount of money at stake is relatively small, Defendants have not disputed any material fact, and there are no facts indicating that default was due to excusable neglect. Accordingly, the Court recommends granting Plaintiff's motion for default judgment as to his section 605 claim and his conversion claim, and dismissing his section 553 claim as moot.

III.   DAMAGES

Plaintiff seeks a total of $113,000 in damages. Plaintiff requests the maximum permissible statutory damages of $10,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II). Plaintiff also requests enhanced damages of $100,000 permissible for willful violations for purposes of direct or indirect commercial advantage or private financial gain under 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff argues that the higher amount of permissible statutory damages is necessary in order to deter unlawful use of communications like the Program. Plaintiff also requests $3,000 in conversion damages,

reflecting the value of the licensing fee Defendants would have been required to pay to order the Program from Plaintiff.

### A. 47 U.S.C. § 605

Under section 605, a court may award actual or statutory damages at the election of the aggrieved party. 47 U.S.C. § 605(e)(3)(C)(i). Actual damages may be awarded in the actual loss suffered by the plaintiff as a result of the violation and any profits of the violator attributable to the violation not taken into account in computing actual damages. 47 U.S.C. § 605(e)(3)(C)(i)(I). Statutory damages may be awarded in an amount between $1,000 and $10,000, as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). In addition, enhanced penalties may be awarded in an amount up to $100,000 for willful violations for purposes of commercial advantage or private financial gain. 47 U.S.C. § 605(e)(3)(C)(ii). Section 605 also allow the court to award a smaller amount of not less than $250 where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of the section. 47 U.S.C. § 605(e)(3)(C)(iii) .

Plaintiff argues that statutory damages, rather than actual damages, should be awarded because actual damages are difficult to prove. To support this contention, Plaintiff states that it would be impossible to calculate the full extent of the profits lost by Plaintiff and the additional damages sustained by Plaintiff as a result of the Defendants' unlawful actions. Plaintiff's affidavit alleges abstract harm in the form of lost customers and damage to goodwill. Doc. 17, Exh. 4 at p. 4. Plaintiff's actual damages –the loss of the $3,000 licensing fee- are within the range of permissible statutory damages. Plaintiff has not demonstrated any damages greater than the loss of the $3,000 licensing fee and the facts do not warrant statutory damages in excess of $3,000. A $3,000 award is just and should be the amount awarded in statutory damages.

Enhanced damages for willful violations for purposes of commercial advantage are appropriate. Courts have awarded enhanced damage awards due to willful violations of the Communications Act for repeated violations of the Act, the intent to profit from the violations, and actual profit derived from the violation. *Kingvision Pay-Per-View Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1197-98 (N.D. Cal. 2000). Although there were few patrons that evening and there is no evidence that Defendants gained actual commercial advantage, Plaintiff provides evidence that

4

Defendants intended to exhibit the Program in order to draw patrons and gain a commercial advantage by featuring large posters advertising the Program on the exterior of the establishment. The Court recommends enhanced damages in the amount of $4,500, reflecting one and a half times the actual damages. *See J & J Sports Prods. v. Jaculito Lopez, Inc.*, 2015 U.S. Dist. LEXIS 14255, *10 n.2 (C.D. Cal. Oct. 20, 2015)(looking to federal antitrust, RICO, and other statutes to grant punitive damages as a multiple of actual damages).

A total amount of $7,500 is within the range of damages recently awarded in similar cases in California district courts which awarded enhanced damages. *See e.g.*, *J & J Sports Prods. v. Gastellum*, 2015 U.S. Dist. LEXIS 153460 (E.D. Cal. Nov. 10, 2015)($8000); *J & J Sports Prods. v. Jaculito Lopez, Inc.*, 2015 U.S. Dist. LEXIS 142557 (C.D. Cal. Oct. 20, 2015)($5,500); *J & J Sports Prods. v. Plunkett*, 2015 U.S. Dist. LEXIS 126106 (N.D. Cal. Sept. 21, 2015)($4,650); *J & J Sports Prods. v. Ramirez*, 2015 U.S. Dist. LEXIS 111165 (E.D. Cal. Aug. 21, 2015)($8,850).

B. <u>Conversion</u>

Under California law, the elements of conversion are (1) ownership or right to possession of the property; (2) wrongful disposition of that property right; and (3) monetary damages. *Krueger v. Bank of America*, 145 Cal.App.3d 204, 215 (1983). Plaintiff alleges ownership of the exclusive right to distribute the broadcast signal of the Program, Defendants exhibited the Program without legally purchasing exhibition rights, and Plaintiff suffered a loss the license fee, which would have been $3,000 for a venue similar to El Agave Night Club. Plaintiff would be entitled to $3,000 in compensatory damages for the tort of conversion; however, Plaintiff is not entitled to duplicative recovery for the same items of damage. *See Joe Hand Promotions, Inc. v. Lim*, 2015 U.S. Dist. LEXIS 131824, *9 (C.D. Cal. Sept. 29, 2015); *J & J Sports Prods. v. Gibbs*, 2015 U.S. Dist. LEXIS 123047, *9 (C.D. Cal. Sept. 14, 2015). Damages awarded under section 605 sufficiently compensate Plaintiff. Additional damages for conversion are not recommended.

IV. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS as follows:

1. Plaintiff's motion for default judgment be GRANTED IN PART as to Plaintiff's 47 U.S.C. § 605 and conversion claims;

2. Judgment be entered against Defendants Hilda Mendoza, Jose A. Mendoza, Maria Socorro Prado, and Roberto Prado, individually and doing business as El Agave Night Club, with joint and several liability, as to Plaintiff's 47 U.S.C. § 605 and conversion claims;

3. Plaintiff's 47 U.S.C. § 553 claim be dismissed; and

4. Damages be awarded in the total amount of $7,500.00, allocated as $3,000.00 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and $4,500.00 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

These Findings and Recommendations are submitted to the Honorable Garland. E. Burrell, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 18, 2015**      **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE

6